UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:19cr27/MCR

GESNAN RENAN MEJIA-URBINA
  a/k/a "Gesnan Renan Urbina-Mejia"
  a/k/a "Gesnan Renan Urbina"
  a/k/a "Hez"
_____/

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the Court on the government's Motion for Issuance of a Preliminary Order of Forfeiture, ECF No. 38, for the following property:

    A.    a Smith & Wesson M&P Shield 9 millimeter pistol, serial number HMV9591; and
    B.    eight (8) rounds of assorted Aguila, Winchester, and Blazer 9 millimeter ammunition ("Subject Property").

WHEREAS, on or about April 16, 2019, a federal grand jury sitting in the Northern District of Florida returned a Superseding Indictment against the defendant charging him with illegal reentry by a removed alien ("Count One"), in violation of 8 U.S.C. § 1326(a), and possession of a firearm and ammunition by a prohibited person ("Count Two"), in violation of 18 U.S.C. §§ 922(g)(1). 922(g)(5)(A), and 924(a)(2), ECF No. 18;

1

AND WHEREAS, in the Superseding Indictment further sought criminal forfeiture from the defendant pursuant to 18 U.S.C. § 924(d)(1) of any and all interest the defendant had in the firearm and ammunition involved in this violation, that is, a Smith & Wesson 9 millimeter pistol, and Aguila, Winchester, and Blazer 9 millimeter ammunition, ECF No. 18 at 3;

AND WHEREAS, on May 23, 2019, the defendant pled guilty to Counts One and Two of the Superseding Indictment, ECF No. 30;

AND WHEREAS, pursuant to the defendant's plea agreement and as stated in the Superseding Indictment, the defendant agreed to forfeit his interest in the firearm and ammunition described in the Superseding Indictment, ECF No. 31 at 4;

AND WHEREAS, by virtue of said guilty plea and consent of forfeiture, the United States is now entitled to possession of the Subject Property, pursuant to 18 U.S.C. § 924(d)(1) and Fed. R. Crim. P. 32.2(b); now wherefore,

IT IS HEREBY ORDERED that the government's Motion for Issuance of a Preliminary Order of Forfeiture is GRANTED, and pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(4), all of defendant's right and interest in the Subject Property is hereby forfeited to and vested in the United States of America for disposition according to law.

It is further ORDERED that upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing

third party rights, including giving notice of this Order.

It is further ORDERED that the United States shall publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) or the Secretary of the Treasury (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

It is further ORDERED that, in accordance with the law, the United States shall cause to be published at least once, notice of this Order, notice of its intent to dispose of the Subject Property in such manner as the Attorney General (or a designee) may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final publication of the notice, or within sixty (60) days of the first date of publication on an official internet government forfeiture site at www.forfeiture.gov. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

It is further ORDERED that any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the Final Publication of Notice or Receipt of Notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his/her alleged

interest in the Subject Property, and for an amendment of the Order of forfeiture, pursuant to 18 U.S.C. § 982(b)(1), which incorporates 21 U.S.C. § 853(n).

It is further ORDERED that pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

It is further ORDERED that any petition filed by a third party asserting an interest in the Subject Property shall be signed by petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, the title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

It is further ORDERED that after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

It is further ORDERED that the United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if

none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) (which is incorporated by 18 U.S.C. § 982(b) for the filing of third party petitions.

It is further ORDERED that the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this 9th day of July 2019.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**